UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RICKY R. KELLY,

        Plaintiff,

v.                               Case No. 5:20-cv-141-Oc-39PRL

FRIENDS MART OWNER JOHN DOE,

        Defendant.
_____

### **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Ricky R. Kelly, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names one Defendant: John Doe, the owner of Friends Mart. In his Complaint, Plaintiff asserts he is suing for personal injury because he was shot multiple times at Friends Mart in July 2016. See Compl. at 6. As relief, Plaintiff seeks an unspecified amount in damages, the name of the store clerk, and the surveillance video from the store. Id. at 7.[1]

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief

---

[1] This is not the first complaint Plaintiff has filed in this Court against the owner of Friends Mart for the injuries he sustained in July 2016. The Court previously informed Plaintiff the owner of Friends Mart is not subject to liability under 42 U.S.C. § 1983. See Order (Doc. 6), Case No. 5:19-cv-361-Oc-39PRL.

can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

More specifically, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Iqbal, 556 U.S. at 678 (quotations, alteration, and citation omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to

2

construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). Plaintiff names as a Defendant a private individual, not a state actor. Thus, even if Plaintiff has a viable state law personal injury action against the owner of Friends Mart, he fails to state a claim against the owner under § 1983. Additionally, while Plaintiff references the Eighth and Fourteenth Amendments, what he alleges amounts to a negligence action, which is not cognizable under § 1983. Under any review, Plaintiff has failed to state a viable federal claim.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

2. The **Clerk** shall enter judgment dismissing this case

without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of April, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Ricky R. Kelly

4